————o————

5059.

(Court of Appeal, Parish of Orleans.)

## SOUTHERN PACIFIC COMPANY vs. LEE McMILLAN CO., LTD.

Where after due examination, a party has allowed and paid claims against himself, the adjustment thereof by himself will not be disturbed at his instance except upon the clearest and most convincing proof that there was error therein to his own prejudice and a resulting advantage to the other party.

Appeal from the Civil District Court, Division "E."

Denegre, Blair & Leovy, for plaintiff and appellee.

Hall & Monroe, for defendant and appellant.

ST. PAUL, J.—Plaintiff seeks to recover the value of one hundred bales of bagging. It claims that through an error of one of its employees it delivered to defendants, as consignees, eleven hundred bales of bagging against a bill of lading calling for, and an actual shipment of, one thousand bales only.

The defense raised the general issue, but this was somewhat enlarged by the evidence adduced.

Defendants were regular shippers by plaintiff's line of steamers and received yearly many thousand bales of bagging. In order to get their goods defendants were required first to surrender the bill of lading; and thereafter

— 14 —

they isued orders on plaintiff which they gave to some public drayman.

The drayman usually employed by them was one Lincoln; as he was well known to plaintiff's employees it was not customary for them to demand of him the written orders given by defendants. Defendants testify however that Lincoln was not authorized to receive any goods for them, except such as their written orders called for; and this testimony is uncontradicted.

It would seem from the testimony that owing to a clerical error plaintiff's employees may have delivered to Lincoln's employees for account of defendants, one hundred bales of bagging in excess of the one thousand bales called for by the bill of lading hereinabove mentioned. But there is no evidence that that number of bales were received by defendants. On the other hand defendants testify that they issued and delivered orders only for the correct number of bales and have no knowledge that any more were received.

Delivery to Lincoln's employees without an order from defendants was, therefore, not a delivery to defendants, and actual delivery to them has not been proved.

On the other hand, at about this time defendants claimed a shortage in the seasons deliveries of something more than one hundred bales. This claim was audited, adjusted and finally paid by plaintiff.

That adjustment was intended as a complete and final settlement of the year's business; and so it would have been, but, that plaintiff claims that the clerical error above mentioned was carried into this settlement, and plaintiff accordingly took credit to itself for only one thousand bales as the total of certain partial deliveries, instead of for eleven hundred bales as the correct total should have been.

But the details of this settlement are not before us, and

there is not a line of evidence in the record to show how, or by whom, it was made, or whether in point of fact this clerical error was carried into it. Indeed the only evidence in this record having any bearing on the subjects, consists of some testimony showing that after the settlement had been completed and the claim allowed and paid, plaintiff caused the deliveries made for account of defendant to be re-checked and re-examined and in this re-examination found that it had delivered to defendants, not one hundred, but only ninety-four bales in excess of what should have been delivered.

Or, to be more correct, defendants claimed a shortage of 187 bales for the season; this claim was checked and found correct, but was reduced to 127 bales by reason of 60 bales having been located and subsequently delivered. Defendants were then paid for 127 bales. Afterwards, plaintiff made a re-examination and re-check of its deliveries to defendants, and found from this re-check that defendants' actual shortage was only 33 bales instead of 127; thus making a difference of 94 bales for which defendants had received payment in excess of their actual shortage.

But even the details of this re-check are not in the record, and the manifest discrepancy between the original error, the figures of the settlement which was had and the result of the final check is wholly unexplained. If the figures of the settlement had corresponded with the re-check, merely including the error of 100 bales, the apparent shortage shown by that settlement would have amounted to 133 bales instead of 127 bales. So it is manifest, that the re-check, if correct, disclosed that the settlement included not only this one error of 100 bales, but another or a series of errors, by which the final figures were materially affected.

The result of all of which is this; that even conceding

that defendants received the 100 bales involved in the error first alleged, nevertheless any claim which plaintiff might now have against defendants would not be the result of the delivery of these 100 bales, but of defendants having received payment for a shortage greater than actually existed, due to errors made in a settlement had between them.

But in this record there is no evidence that that settlement included the alleged errors, nor is there any evidence showing that the ultimate figures on which the final payment was made were not correct.

There is no more evidence tending to show that the re-check is correct, than there is evidence tending to show that there were errors carried into the settlement.

Plaintiff, therefore, which now claims only the value of 94 bales in accordance with its re-check, is in effect asking this Court to re-open the settlement which it made with defendants, and adjust the errors therein made; but it has not presented a scintilla of evidence tending to show that any errors whatsoever were included in such settlement.

We are, therefore, unable from this record to conclude with anything like the certainty required by law, that defendants ever actually received any bales of bagging in excess of the number to which they were entitled, or that the settlement which took place between plaintiff and defendants, and which otherwise should be final, was predicated upon and included any error to the prejudice of plaintiff.

And it is our conclusion that where, after due examination, a party has allowed and paid claims against himself, the adjustment thereof, by himself, ought not to be disturbed at his instance, except upon the clearest and most convincing proof that there was error therein to his own prejudice and a resulting advantage to the other party.

It is, therefore, ordered that the judgment appealed

from be annulled, avoided and reversed and it is now ordered that plaintiff's demand be rejected at its costs in both courts, as in case of non-suit.

November 7, 1910.